UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DONALD J. BROWN

                              Plaintiff,                  **COMPLAINT AND**

                                                         **JURY TRIAL DEMANDED**

          -against-

P.O VINCENT PISELLI, Shield No. 30528,
P.O. ANDREW RIGEL, Shield No. 2136,
P.O. 'JOHN DOES' 1-2, In their individual and official
capacities as employees of the City of New York,
and the CITY OF NEW YORK.
                                            Defendants.

-------------------------------------------------------------X

Plaintiff, DONALD J. BROWN, by his attorney, PAUL V. PRESTIA, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### **NATURE OF THE ACTION**

1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.     This action is brought pursuant to 42 USC §§ 1981, 1983, & 1988 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

3.     This action is also brought pursuant to Article I, §§ 6, 11, & 12 of the Constitution of the State of New York, and the common law of the State of NY,

### **JURISDICTION**

4.     Jurisdiction is founded upon 28 USC §§ 1331, 1343 & 1367.

5.     Plaintiff, invoking the pendent jurisdiction of the Court, also seeks compensatory and punitive damages for malicious prosecution.

### **VENUE**

6.     Venue is properly alleged in the Eastern District of New York, in that the acts complained on herein occurred within this district.

## **PARTIES**

7. At all times relevant hereto, plaintiff, DONALD J. BROWN, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. VINCENT PISELLI, Shield No. 30526 (hereinafter "PISELLI") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. ANDREW RIGEL, Shield No. 2136 (hereinafter "RIGEL") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-2 were and are natural persons, employed as police officers by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. On or about August 19, 2011, this date being within ninety (90) days after the claim for malicious prosecution herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

13. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

14. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## (42 U.S.C. § 1983)

15. Plaintiff repeats reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about November 9, 2010, at approximately 1:00 p.m., plaintiff was present at a bodega located at 726 Broadway, Brooklyn, New York.

17. At the aforementioned time, plaintiff was present at or near the area behind the counter of the subject premises, observing the preparation of a sandwich he had ordered.

18. At the aforementioned time and place, the individual defendants entered the subject premises.

19. One or more of the individual defendants demanded that the plaintiff produce identification.

20. When plaintiff hesitated in complying with said demand, he was stuck several times about the head and body, thrown to the floor and handcuffed.

21. The individual defendants removed plaintiff from the premises and although he was in handcuffs, pepper-sprayed him.

22. One or more of the individual defendants placed plaintiff into a New York City Police Department vehicle.

23. After several seconds had gone by, plaintiff was removed from the aforementioned vehicle and, was thrown to the ground and pepper-sprayed again.

24. An ambulance arrived at the scene.

25. Plaintiff was placed inside a restraining bag as a result of one or more of the individual defendants falsely telling the ambulance personnel that plaintiff was being unreasonably disruptive.

26. Plaintiff was taken to Woodhull Medical and Mental Health Center.

27. After being treated for the injuries caused by the physical assault committed by the individual defendants and by the use of the pepper-spray, plaintiff was taken to the stationhouse of the 90th Precinct.

28. After being in custody for a period of time at the 90th Precinct, plaintiff was taken to Brooklyn Central Booking.

29. After approximately forty-eight to seventy-two hours in custody, plaintiff appeared before a Judge of the Criminal Court of the City of New York, County of Kings and was charged, on the complaint of defendant RIGEL, with one count each of assault in the second degree, a D felony; assault in the third degree, an A misdemeanor; resisting arrest, an A misdemeanor; menacing in the third degree, a B misdemeanor; and harassment in the second degree, a violation.

30. Bail of $5,000.00 over $2,500.00 was set, which bail was paid in court.

31. On May 27, 2011, after he had made approximately four or five court appearances, all charges against plaintiff were dismissed and sealed.

32. The individual defendants violated plaintiff's right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they, without any cause or provocation whatsoever, arrested him and caused him to be charged with and prosecuted for one felony, three misdemeanors and one violation without having

probable cause to do so and in that, with no cause or justification therefore, they employed excessive force against him.

33.     As a result of the aforementioned of the aforementioned acts committed against him by the individual defendants, plaintiff suffered a deprivation of his right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and as a result, suffered severe and permanent physical injury, including a fractured cheekbone (anterior maxillary wall fracture), suffered a loss of his liberty and incurred medical expenses for treatment of his injuries and legal expenses for his defense to the charges improperly brought against him.

34.     By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, plaintiff was injured and claims damages for the above-referenced injuries.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT RIGEL AND THE CITY OF NEW YORK
## (MALICIOUS PROSECUTION)

35.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this complaint as if fully set forth herein.

36. On or about November 9, 2010, defendant RIGEL maliciously caused a criminal prosecution to be brought against plaintiff by his acts of falsely and maliciously arresting him and charging him with one count each of Assault in the Second Degree, a class D felony; Assault in the Third Degree, a class A misdemeanor; Resisting Arrest, a class A misdemeanor; Menacing in the Third Degree, a class B misdemeanor; and Harassment in the Second Degree, a violation.

37. Defendant RIGEL was without probable cause to arrest and charge plaintiff with the crimes and the violation that he charged him with.

38. On or about May 27, 2011, all charges against plaintiff we dismissed and sealed in Criminal Court of the City of New York, County of Kings.

39. At the time that Defendant RIGEL falsely and maliciously caused the aforesaid prosecution to be commenced against the plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

40. By reason of the prosecution maliciously commenced against plaintiff by defendant RIGEL, while he was acting within the scope of his employment by defendant CITY of NEW YORK, plaintiff suffered a loss of his liberty and incurred legal expenses for his defense to the charges improperly made against him.

41. By reason of the prosecution maliciously commenced against plaintiff by defendant RIGEL, while he was acting within the scope of his employment by defendant CITY of NEW YORK, plaintiff has been injured and claims damages for the aforesaid injuries.

## AND AS FOR A THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS

## (42 USC § 1981)

42. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 41 of this complaint as if fully set forth herein.

43. The acts and negligence of the defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, who is African-American, were motivated by racial animus, were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

44. As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

45. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 44 of this complaint as if fully set forth herein.

46. The acts of the Defendants, acting under color of law, in arresting, physically assaulting, verbally abusing, seizing and imprisoning Plaintiff were done

intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Donald Brown in violation of his rights to be free from unreasonable search and seizure, to equal protection of the laws, and to not be deprived of his liberty without due process of law, as guaranteed by Article I, Sections 6, 11, and 12 of the Constitution of the State of New York.

47.    As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

### FIFTH CAUSE OF ACTION

48.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 47 of this complaint as if fully set forth herein.

49.    The acts of the Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and falsely imprisoning Plaintiff were motivated by racial animus, were done without lawful justification, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff in violation of his right to not be discriminated against in his civil rights because of his race or color as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

50.    As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## SIXTH CAUSE OF ACTION

51. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 50 of this complaint as if fully set forth herein.

52. The conduct of the Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, unlawfully seizing, falsely imprisoning, and falsely charging Plaintiff constituted the torts of assault, battery, trespass upon the person of Plaintiff, false arrest, false imprisonment, malicious prosecution, negligence, and intentional infliction of emotional distress under the laws of the State of New York.

53. As a consequence thereof, Plaintiff has been injured and claims damages for the aforesaid injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as guaranteed under 42 USC § 1983;

2. A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4. Compensatory damages against all defendants in the amount of one-million ($1,000,000.00) dollars.

5. By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages in the amount of one-million ($1,000,000.00) dollars.

6. An award to Plaintiff of the costs and disbursements herein;

7. An award of attorney's fees under 42 U.S.C. § 1988;

8. Such further relief as this Court may deem just and proper.

Dated: July 25, 2012
New York, New York

PAUL V. PRESTIA, ESQ.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
(212) 430-6313
Attorney for Plaintiff